IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-19-0553 |
| ERIC ANDERSON, | * | |
| *Defendant.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM ORDER

On October 21, 2020, Defendant Eric Anderson ("Defendant" or "Anderson") pled guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (ECF No. 35.) Anderson was sentenced to 60 months' imprisonment to be followed by a five-year period of supervised release, with credit for time served in State Custody from August 8, 2019 through November 18, 2019 and in Federal Custody from November 18, 2019 through May 18, 2020. (ECF No. 53.) Anderson is 37 years old and currently incarcerated at FCI Coleman Medium in Sumterville, Florida, with a projected release date of August 26, 2024. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, available at https://www.bop.gov/inmateloc/ (search by register number: 65138-037) (last accessed June 17, 2024).

Presently pending on this Court's docket are three motions filed *pro se* by Anderson: a Motion for Compassionate Release (ECF No. 58), filed November 17, 2021; a Motion for Appointment of Counsel (ECF No. 61), filed November 29, 2021; and a Motion for Leave to File Amended Petition and Memorandum in Support of Relief Under the First Step Act (ECF

No. 65),[1] filed on September 26, 2022. Through his filings, Anderson contends[2] that his heightened risk factors to COVID-19—obesity, high blood pressure, and severe asthma—create an "extraordinary and compelling" reason for an early release or reduced sentence. (ECF No. 58 ¶¶ 7–19.) In response, the Government counters that Defendant's fully vaccinated status mitigates the risks of COVID-19. (ECF No. 65 ¶ 19.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Andersons's Motion for Compassionate Release (ECF No. 58) and Motion for Appointment of Counsel (ECF No. 61) are both **DENIED**.

## BACKGROUND

The parties stipulated to the following facts in Anderson's plea agreement. (ECF No. 35 at 9.) On or about August 5, 2019, officers observed approximately 60 people buy controlled dangerous substances from a male who had exited a car that Anderson was driving. (*Id.*) Anderson was detained by law enforcement after he attempted to flee on foot. (*Id.*) After a drug-detection dog alerted to the presence of drugs in Anderson's vehicle, police searched the car and found a large sum of money and an unloaded semi-automatic pistol in the glove box. (*Id.*) In the center console, there were four bags with controlled substances: two bags

---

[1] Anderson's Motion for Leave to File Amended Petition and Memorandum in Support of Relief Under the First Step Act (ECF No. 63) is GRANTED insofar as Anderson requests leave to file the attached amended Motion. Because the amended Motion builds on Anderson's earlier filed Motion for Compassionate Release (ECF No. 58), this Court considers the two filings (ECF Nos. 58, 63) in tandem.

[2] Anderson also attempts to challenge his conviction through this motion for compassionate release. In brief, Anderson argues that he pled guilty to a crime that he did not commit. (See ECF No. 63 at 5–7.) This argument is unavailing as this motion is not the proper venue. See United States v. Ferguson, 55 F.4th 262, 272 (4th Cir. 2022) (holding that "a compassionate release motion cannot be used to challenge the validity of a Defendant's conviction or sentence"). The Fourth Circuit further held that Section 2255 remains "the exclusive method" for such challenges, and a defendant may not "sidestep § 2255's requirements" through a motion for compassionate release. Id. at 270 (citing 28 U.S.C. § 2255).

with 50 gel caps containing a fentanyl mixture, one bag with 70 gel caps containing a fentanyl mixture, and the fourth bag containing 49 plastic jugs of fentanyl and heroin mixture. (*Id.*)

The original Indictment charged Anderson with one count possession of a firearm by a prohibited person in violation of 18 U.S.C § 922(g) and one count possession with intent to distribute fentanyl and heroin in violation of 21 U.S.C. § 841(a). (ECF No. 8.) However, on October 21, 2020, Anderson waived his right to Indictment (ECF No. 34) and pled guilty to Count One of the Superseding Indictment, which charged him with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (ECF Nos. 35, 38.) On February 3, 2021, this Court sentenced Anderson to 60 months' imprisonment to be followed by a supervised release period of five years. (ECF No. 53.)

On November 17, 2021, Anderson filed the pending *pro se* Motion for Compassionate Release. (ECF No. 58.) Therein, he asserts that the COVID-19 pandemic created an "extraordinary and compelling" reason for his early release or a sentence reduction. (ECF No. 58 ¶¶ 7–19.) Defendant argues that his risk factors of obesity, high blood pressure, and severe asthma in combination with Fort Dix's[3] "Code Red" place him in particular danger. (*Id.* ¶¶ 7, 12.) Since that filing, Anderson has also filed the pending *pro se* Motion for Appointment of Counsel (ECF No. 61) and a Petition for Leave to File Amended Petition and Memorandum (ECF No. 63). The Government has responded in opposition to Anderson's request for early release or a sentence reduction. (ECF No. 65.) Though they acknowledge that Anderson has

---

[3] While Anderson cites to the conditions at Fort Dix, he is no longer incarcerated there. He is currently incarcerated at FCI Coleman Medium with a projected release date of August 26, 2024. See Find an Inmate, FEDERAL BUREAU OF PRISONS, available at https://www.bop.gov/inmateloc/ (search by register number: 65138-037) (last accessed June 17, 2024).

3

several risk factors, the Government insists that Anderson's fully vaccinated status mitigates these risks. (ECF No. 65. ¶ 19.)

## STANDARD OF REVIEW

As Anderson has filed his Motion *pro se*, his Motion will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison. Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court. With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence. The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction and after weighing the factors presented in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

I. **Administrative Exhaustion Requirements**

As the Government concedes, (ECF No. 65 at 6), Anderson has met the statutory

requirement for administrative exhaustion. Thus, his Motion finds itself properly before this Court. *See* 18 U.S.C. § 3582(c)(1)(A).

## II.     Extraordinary and Compelling Circumstances

Nevertheless, Anderson has not established extraordinary and compelling circumstances to warrant a sentence reduction. The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t).

While the district court holds broad discretion in analyzing extraordinary and compelling reasons, it must remain consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Jenkins*, 22 F.4th 162, 169 (4th Cir. 2021); *United States v. Taylor*, 820 F. App'x 229, 230 (4th Cir. 2020) (per curiam) (citing 18 U.S.C. § 3582(c)(1)(A)). As the Fourth Circuit noted, there had previously been "no applicable policy statements to reference;" however, that changed on November 1, 2023. *See United States v. Davis*, No. 21-7325, 2024 U.S. App. LEXIS 9399, 2024 WL 1662931, at *7 (4th Cir. Apr. 18, 2024); *United States v. Robinson*, No. ELH-18-17, 2024 U.S. Dist. LEXIS 81817 at *13 (D. Md. May 6, 2024).

Prior to the November 1, 2023, amendment, the relevant policy statement codified in U.S.S.G § 1B1.13 read: "Upon motion of the *Director of the Bureau of Prisons* under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment." U.S.S.G. § 1B1.13 (2021) (emphasis added). The Fourth Circuit interpreted this language to not include defendant-filed motions. *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020) ("When a defendant exercises his . . . right to move for compassionate release on his own behalf, § 1B1.13 does not apply, and thus § 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of the

5

district courts."). Thus, district courts could "consider any extraordinary and compelling reason for release." *Id.* at 284 (citation omitted).

Congress amended this policy statement to read: "Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment." U.S.S.G. § 1B1.13 (2023) (emphasis added). Therefore, the current policy statement, which became effective November 1, 2023, applies to defendant-filed motions. *Robinson*, 2024 U.S. Dist. LEXIS 81817, at *14; *Davis*, 2024 U.S. App. LEXIS 9399, at *4; *Taylor*, 2023 U.S. Dist. LEXIS 222428, at *9–10. The updated language of § 1B1.13 conflicts with *McCoy's* conclusion—which was based on the pre-amendment language—that the policy statement does not apply. *Robinson*, 2024 U.S. Dist. LEXIS 81817 at *14–15. The amended version of § 1B1.13 consequently does restrict district courts to follow its policy statement. *Id.*

U.S.S.G. § 1B1.13(b)(1)–(6) identifies six possible circumstances that viewed separately or together may establish "extraordinary and compelling reasons" for a sentence reduction. These reasons include:

> (1) a serious medical circumstance of the defendant;
> (2) a defendant who is 65 years old that suffers from serious health deterioration and has served either 10 years or 75 percent of his or her term;
> (3) the death or incapacitation of an immediate family member;
> (4) the defendant being a victim of abuse while in custody;
> (5) other reasons of similar gravity as (1)–(4); and
> (6) unusually long sentence if the defendant has served at least ten years.

U.S.S.G. § 1B1.13(b)(1)–(6). Previously, the Supreme Court required that district courts consider any non-frivolous argument for sentencing reduction based upon intervening changes in the law. *United States v. Concepcion*, 142 S. Ct. 2389, 2404 (2022). However, the newly

6

relevant § 1B1.13(c) clarifies that a change in the law does not constitute an extraordinary and compelling reason except as defined in § 1B1.13(b)(6). U.S.S.G. § 1B1.13(c); *Taylor*, 2023 U.S. Dist. LEXIS 222428, at *12. Furthermore, rehabilitation alone may not serve as an extraordinary and compelling reason, but a court may consider rehabilitation in combination with other circumstances. U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t).

Exercising its discretion under the First Step Act, this Court has determined that a defendant's heightened susceptibility to COVID-19 may constitute an extraordinary and compelling reason for a sentence reduction. *See, e.g.*, *United States v. Hurtt*, No. JKB-14-0479, 2020 WL 3639987, at *1 (D. Md. July 6, 2020). The recent amendments to U.S.S.G. § 1B1.13 reinforce these prior holdings. *United States v. Davis*, No. 21-7325, 2024 U.S. App. LEXIS 9399, at *7 (4th Cir. Apr. 18, 2024). However, "the coronavirus is 'not tantamount to a "get out of jail free" card.'" *United States v. Hiller*, No. ELH-18-0389, 2020 WL 2041673, at *4 (D. Md. Apr. 28, 2020) (quoting *United States v. Williams*, No. PWG-13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020)). Accordingly, for COVID-19 to constitute an "extraordinary and compelling" circumstance in a given case, the defendant must allege that they have a "particularized susceptibility" to COVID-19. *See, e.g.*, *United States v. Petway,* No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022).

In this case, and as the Government acknowledges, Defendant has four of the CDC risk factors: obesity, hypertension,[4] asthma, and high blood pressure. (ECF No. 65 at 19.) However, Anderson is a 37-year-old man (ECF No. 65-1) who is fully vaccinated. (ECF No.

---

[4] The Government acknowledges hypertension as an additional risk factor, even though not listed by Defendant in his Motion. (*Compare* ECF No. 65 at 19 *with* ECF No. 58 ¶¶ 7, 12.)

65 at 19.) While vaccination does not fully protect against transmission of COVID-19 and its variants, *see How to Protect Yourself and Others*, CDC (Apr. 4, 2024), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html, full vaccination and other potential treatment options drastically reduce the likelihood of severe disease. *See Background for CDC's Updated Respiratory Virus Guidance*, CDC (Mar. 1, 2024), https://www.cdc.gov/respiratory-viruses/background/index.html. Furthermore, Anderson is currently incarcerated at FCI Coleman Medium rather than Fort Dix, where there had been a "Code Red"[5] putting Anderson in more particular danger. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, www.bop.gov/inmateloc/ (search by register number: 65138-037); (ECF No. 58 ¶ 12.). Therefore, Anderson has not alleged "particularized susceptibility" to COVID-19 despite his underlying health conditions because he is fully vaccinated and has not alleged an ongoing outbreak at his current facility nor a danger to an outbreak at his facility. *Petway*, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022); *see generally* (ECF Nos. 58, 63.). Accordingly, McKnight has not alleged an extraordinary and compelling circumstance, and this Court need not address the 18 U.S.C. § 3553(a) factors.

### III. Motion for Appointment of Counsel

Generally speaking, there is no constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013); *United States v. Jones*, No. RDB-10-232, 2021 U.S. Dist. LEXIS 125305, 2021 WL 2805947, at *4 (D. Md. July 6, 2021). Courts have discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so

---

[5] According to Anderson, Code Red was "[t]he highest of a three-tiered COVID-19-threat level awareness system for inmates and staff." (*See* ECF No. 58 at 5 n. 5.)

require. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000); *see also United States v. Reed*, 482 F. App'x 785, 786 (4th Cir. 2012); *cf.* 18 U.S.C. § 3006A(a)(2)(B) (providing interests of justice standard for appointment of counsel in similar post-conviction proceedings). In this case, Anderson has not established the interests of justice require appointment of counsel. This Court sees no reason to appoint counsel for the Defendant at this time, as Anderson has not met the basic mandatory condition of and establishing extraordinary and compelling justification for release. For those reasons, his Motion to Appoint Counsel (ECF No. 61.) is DENIED.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED this 21st day of June, 2024, it is hereby ORDERED that: Defendant's Motion for Leave to File Amended Petition and Memorandum in Support of Relief Under the First Step Act (ECF No. 63) is **GRANTED** insofar as Anderson requests leave to file the amended Motion attached thereto; Defendant's Motion for Compassionate Release (ECF No. 58) is **DENIED**; and Defendant's Motion for Appointment of Counsel (ECF No. 61) is **DENIED**.

/s/
Richard D. Bennett
United States Senior District Judge